IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DIONTE M. SMITH, # 20160413099, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 17-cv-404-JPG |
| | ) | |
| HANES, | ) | |
| MOUNT, | ) | |
| and TRAVIS SCOTT, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, claiming that he was subjected to unconstitutional conditions of confinement while he was a prisoner at the Jefferson County Justice Center ("Jefferson County"). Plaintiff is currently incarcerated, either at Jefferson County, or at the Cook County Department of Corrections ("CCDC"). He uses the mailing address of the CCDC, but states that he is confined at Jefferson County. (Doc. 1, pp. 2, 7-8). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A .

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

1

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that some of Plaintiff's claims survive threshold review under § 1915A.

## The Complaint

Plaintiff states that he and other inmates were on lockdown in Jefferson County for 48-72 hours following a suicide attempt by fellow inmate Joshua Hart. (Doc. 1-1, p. 2). Splatters of Hart's blood were left on the floor in Plaintiff's cell, on the table where he ate meals outside the cell, and on Plaintiff's books, clothing, and papers. (Doc. 1-1, pp. 2, 4). For 6 days, from March

29 to April 4, 2017, Lt. Hanes and others refused to give Plaintiff any cleaning supplies to rid the area of Hart's blood. Hart was a known needle user and cutter, and Plaintiff believes he may have had Hepatitis-C or possibly other contagious diseases.

Some attempt was made by jail staff to clean the area after the blood contamination, but Plaintiff claims that "sewage water" and ammonia were used in this cleanup. The area was so poorly ventilated that Plaintiff was forced to breathe the strong chemical smell for hours, and felt like he was going to vomit. (Doc. 1-1, p. 2).

Plaintiff raises several other complaints. He claims that jail staff who are not certified or "properly authorized" are issuing prescription medications to inmates, causing some to suffer allergic reactions. (Doc. 1-1, p. 4). Plaintiff and others have been "refused medical screenings and examinations" in relation to their exposure to the blood from Hart's suicide attempt. *Id.* Plaintiff included among his documents a piece of paper spotted with Hart's blood. (Doc. 1-1, p. 1). He also mentions bug infestations. (Doc. 1-1, p. 3).

As relief, Plaintiff seeks money damages. (Doc. 1, p. 6).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Deliberate indifference claim against Hanes for failing to provide Plaintiff with cleaning supplies, and allowing Plaintiff to be exposed to his cellmate's blood for 6 days;

**Count 2:** Deliberate indifference claim for forcing Plaintiff to breathe noxious fumes in a poorly ventilated cellblock after ammonia was used to clean after the suicide attempt;

**Count 3:** Deliberate indifference claim for the failure to provide Plaintiff with medical testing or examination following his exposure to the cellmate's blood.

Count 1 shall proceed against Hanes for further review. However, Counts 2 and 3 fail to state a claim upon which relief may be granted, and shall be dismissed. Defendants Mount and Scott shall also be dismissed from the action without prejudice.

### Count 1 – Failure to Provide Cleaning Supplies/Unsanitary Cell

During his confinement at the Jefferson County Jail, Plaintiff may be a pre-trial detainee, or may be serving a sentence following a criminal conviction. The Complaint does not disclose which status applies to Plaintiff. Either way, similar legal standards apply to his deliberate indifference claims.

A pre-trial detainee's claims brought pursuant to § 1983 arise under the Fourteenth Amendment and not the Eighth Amendment. *See Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000). However, the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999)). Thus, for 'cruel and unusual punishment' claims, the plaintiff must show that the jail officials knew that the plaintiff was at risk of serious harm, and that they disregarded that risk by failing to reasonably discharge the risk. *Grieveson v. Anderson*, 538 F.3d 763, 771-72, 777-79 (7th Cir. 2008). The jail conditions must deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective conditions must have resulted in an unquestioned and

4

serious deprivation of basic human needs such as food, medical care, sanitation, or physical safety. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The deliberate indifference standard is satisfied if the plaintiff shows that the jail official acted or failed to act despite the official's knowledge of a substantial risk of serious harm from the conditions. *Farmer*, 511 U.S. at 842. However, evidence that a defendant acted negligently does not raise a claim for deliberate indifference. *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986); *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002).

Here, Plaintiff was exposed to his cellmate's blood for several days, on the surface of the table where Plaintiff ate his meals, in the cell where he was confined, and on his clothing and other personal items. This put Plaintiff at risk of exposure to serious diseases such as Hepatitis-C and HIV, with which the drug-user cellmate may have been infected. This condition satisfies the first element of a deliberate indifference claim, because it posed a substantial risk of serious harm to Plaintiff's health. *See Thomas v. Illinois*, 697 F.3d 612, 614-15 (7th Cir. 2012) (depending on severity, duration, nature of the risk, and susceptibility of the inmate, prison conditions may violate the Constitution if they caused either physical, psychological, or probabilistic harm).

As to the subjective requirement, Plaintiff states that he notified Lt. Hanes of the problem and requested cleaning supplies, but Hanes refused to provide any over a 6-day period while the blood exposure continued.

At this stage, Plaintiff has adequately pled a deliberate indifference claim against Hanes, so **Count 1** may proceed against this Defendant. However, Count 1 shall be dismissed as to the remaining Defendants. While Plaintiff lists Captain Mount and Travis Scott as additional Defendants, he does not mention either of them by name in the body of the Complaint, nor does

5

he include any allegations against them to indicate whether he requested their assistance with the blood contamination problem or any other issues he mentions.

Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted). In order to state a claim against a defendant, a plaintiff must describe what each named defendant did (or failed to do), that violated the plaintiff's constitutional rights. Additionally, a jail administrator or supervisor cannot be held liable for a constitutional violation committed by a lower-ranking employee, because the doctrine of *respondeat superior* (supervisory liability) is not applicable to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).

For these reasons, **Count 1** shall proceed only against Hanes. Mount and Scott shall be dismissed from this claim, and from the action, because Plaintiff has failed to associate them with this or any other claim.

### Dismissal of Count 2 – Exposure to Noxious Fumes

Plaintiff's exposure to the chemical smell for several hours in the poorly ventilated cell,

which made him feel nauseous to the point he was "about to vomit," may or may not be sufficient to be considered a substantial risk to his health. (Doc. 1-1, p. 2). Conditions which merely create temporary discomfort and inconvenience do not implicate the Constitution. *See Caldwell v. Miller*, 790 F.2d 589, 600-01 (7th Cir. 1986).

Even if the Court were to accept the proposition that Plaintiff faced an objectively serious risk from these conditions, however, Plaintiff fails to state a claim upon which relief may be granted based on these facts. The Complaint does not identify any Defendant who was alerted by Plaintiff to the conditions and the nausea he was suffering. Nor does Plaintiff describe the response (or lack thereof) of any Defendant who was made aware of the alleged risk to Plaintiff's health.

As noted above, a plaintiff must associate specific defendants with specific claims, in order to put the defendant on notice of which claims are brought against them. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Furthermore, without such information, the Court cannot discern whether Plaintiff has stated a colorable claim that survives review under § 1915A. For these reasons, **Count 2** shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Dismissal of Count 3 – Failure to Test Plaintiff for Disease Exposure

The exposure to another person's blood, which may transmit contagious diseases, meets the requirement that Plaintiff faced an objectively serious risk to his health. *See Thomas v. Illinois*, 697 F.3d 612, 614-15 (7th Cir. 2012). However, this claim suffers from the same deficiency as Count 2 – Plaintiff has failed to associate any Defendant with his allegations that he was not given medical tests or an examination to determine whether he was exposed to any illnesse(s) that the cellmate's blood might have contained.

In order to state a claim based on the failure to provide medical testing, Plaintiff must name the Defendant(s) whom he approached regarding his concerns over the blood exposure, indicate what he told the Defendant(s) about the situation, and describe what the Defendant(s) did or failed to do in response. Because Plaintiff has failed to provide this information in the Complaint, **Count 3** shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Pending Motion

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

### Disposition

**COUNTS 2 and 3** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendants **MOUNT** and **SCOTT** are **DISMISSED** from this action without prejudice.

As to **COUNT 1**, the Clerk of Court shall prepare for Defendant **HANES:** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's

last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7**

**days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 20, 2017**

*s/J. Phil Gilbert*
United States District Judge
